UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Natasha Henderson,

    Plaintiff,

v.                                                    Civil Action No. 16-11648

City of Flint,                             Sean F. Cox
                                                       United States District Court Judge

    Defendant.
_____/

## ORDER
## REGARDING JURY INSTRUCTIONS

Following her termination as City Administrator, Plaintiff Natasha Henderson filed this action against the City of Flint and its Mayor, asserting multiple claims. Henderson's only remaining claim is her claim against the City that she was wrongfully terminated in violation of Michigan's Whistleblower's Protection Act, Mich. Comp. Laws § 15.362 *et seq*. ("WPA"). That sole claim proceeded to a jury trial that began on May 1, 2019. The parties have agreed upon the majority of the jury instructions but have a dispute as to three requested jury instructions.

**1.    Causation Under WPA**

First, with respect to the causation jury instruction, they disagree as to what instruction is appropriate.

Henderson contends that Michigan Model Civil Jury Instruction 107.03, titled "Whistleblowers' Protection Act: Causation," is the proper jury instruction as to causation. Henderson asserts that, as applied here, the instruction should read as follows:

> When I use the term "because of" I mean that protected activity must be one of the motives or reasons defendant discharged the plaintiff. Protected

1

activity does not have to be the only reason, or even the main reason, but it does
have to be one of the reasons that made a difference in defendant's decision to
discharge the plaintiff.
    In order to prove causation, plaintiff must show that a decision-maker or
person who influenced the decision knew of plaintiff's protected activity.
Knowledge may be shown by direct evidence or circumstantial evidence.

(Joint Proposed Jury Instructions at 22).

The City contends that standard jury instruction is no longer good law, as to the first sentence of the instruction, and asserts that the causation instruction should be modified to read as follows:

When I use the term "because of" I mean that the alleged protected
activity must be the "but for" cause of her discharge. In other words, Plaintiff
must show that her discharge would not have occurred in the absence of her
alleged protected activity.
    In order to prove causation, plaintiff must show that a decision-maker or a
person who influenced the decision knew of plaintiff's protected activity.
Knowledge may be shown by direct evidence or circumstantial evidence.

(*Id*. at 23).

In support of its position, the City notes that the standard jury instruction at issue was last amended in 2004 and that it relies on *Hazle v. Ford Motor Co.*, 464 Mich 456 (2001). The City notes that the instruction and *Hazle* predate the United States Supreme Court's decision in *University of Tex. Sw. Med. Ctr. v. Nassar*, 570 U.S. 338 (2013), wherein the Supreme Court held that a "but for" causation standard applies to Title VII retaliation claims.

The City asserts that, in light of the Supreme Court's analysis of the term "because" in *Nassar,* and that Michigan courts have considered Title VII standards in considering those that apply to the Elliott Larsen Civil Rights Act and the WPA, the Court should apply a "but for" causation standard to Henderson's WPA claim in this case.

After *Nassar*, however, the Sixth Circuit continued to apply the "motivating factor"

2

causation standard to WPA claims and not a "but-for" causation standard. *See McCray v. Carter*, 571 F. App'x 392, 398 (6th Cir. 2014). In that case, the Sixth Circuit stated that "[a] plaintiff can prevail on a WPA claim if she can show that 'protected activity was a 'motivating factor' for the employer's adverse action'" and, therefore, "Plaintiff does not need to prove but-for causation." *Id*. In a footnote, the Sixth Circuit stated:

> The U.S. Supreme Court has recently clarified that a plaintiff must prove but-for causation to prevail in ADEA claims and Title VII retaliation claims. *See Univ. of Tex. Sw. Med. Ctr. v. Nassar*, __ U.S. __, 133 S.Ct. 2517, 2533, 186 L.Ed.2d 503 (2013); *Gross v. FBL Fin. Servs., Inc*., 557 U.S. 167, 177-78, 129 S.Ct. 2343, 174 L.Ed.2d 119 (2009). Both of these statutes proscribe retaliating against someone "because" of that person's protected activity. 29 U.S.C. § 623(a) (ADEA); 42 U.S.C. § 2000e-3(a) (Title VII). Although the WPA contains the same "because" language, Mich. Comp. Laws § 15.362, we doubt that Michigan courts would upset this settled issue of state law based on the Supreme Court's pronouncements on two federal statutes. Indeed, Michigan courts have already rejected but-for causation in WPA claims for failure to promote. *See Hopkins v. City of Midland*, 158 Mich.App. 361, 404 N.W.2d 744, 752 (1987).

*Id*. at n.1.

The City also directs the Court to *Hecht v. National Heritage Academies, Inc*., 499 Mich. 586 (2016), wherein the Michigan Supreme Court held that a "but-for" causation standard applies to claims under the ELCRA, and two unpublished decisions that recognize that the Michigan Supreme Court applied a but-for causation standard for claims under the ELCRA in *Hecht*.

The City has not, however, provided any decisions from Michigan Courts or the Sixth Circuit wherein a but-for causation standard has been applied to a claim under Michigan's WPA. Given the lack of such cases, and in light of the Sixth Circuit's statements in *McCray*, this Court concludes that the causation standard set forth in Mich. M. Civ. JI 107.03 is still the appropriate

3

standard for claims under Michigan's WPA. Accordingly, the Court **ORDERS** that the jury shall be given Henderson's requested causation jury instruction, Mich. M. Civ. JI 107.03.

**2.     Temporal Proximity**

Second, the City asks the Court to give the following jury instruction regarding temporal proximity: "Something more than a temporal connection (or a short period of time) between plaintiff's protected conduct and plaintiff's termination is required to show causation when retaliation is claimed." The City cites *Henderson v. Flint*, 751 F. App'x 618, 626 (6th Cir. 2018) and *Debano-Griffin*, 828 N.W.2d 634, 639 (2013) as the authority for that requested instruction.

Henderson acknowledges that is an accurate statement of the law. She asserts, however, that the instruction somehow suggests that the "something more" that is required is direct evidence.

The Court finds Henderson's objection to this instruction to be without merit. The instruction is an accurate statement of the law and especially relevant in this case, considering Henderson's stated theory of the case. Moreover, the instructions as a whole clearly indicate that direct evidence is not required and that circumstantial evidence is sufficient. As such, the Court **ORDERS** that the requested temporal proximity instruction shall be given to the jury.

**3.     Reasonableness & Specificity**

The parties agree that Michigan Model Civil Jury Instruction 107.04, titled "Whistleblowers' Protection Act: Good Faith Belief" should be given. That standard jury instruction reads: "Plaintiff must reasonably believe that a violation of law or a regulation has occurred. It is not necessary that an actual violation of law or a regulation has occurred, but the employee cannot have a reasonable belief if she knows her report is false."

4

In addition to that agreed-upon instruction, the City asks that the Court give the following additional, non-standard jury instruction:

Special Instruction: Reasonableness & Specificity

> Whether the plaintiff's belief is reasonable will depend on the totality of the circumstances known by the plaintiff at the time of the complaint, analyzed in light of the plaintiff's training and experience.
> Further, for plaintiff's report to be protected under the law, the report must be specific and it must be directed at unlawful practices.

Henderson objects to the requested non-standard jury instruction. The Court agrees that the instruction is unnecessary and repetitive, in light of M Civ JI 107.04. As such, the Court **DECLINES** to give this requested special instruction.

**IT IS SO ORDERED.**

s/Sean F. Cox
Sean F. Cox
United States District Judge

Dated: May 9, 2019